IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| EDWARD RAY WINDHORST<br><br>**Plaintiff**,<br><br>v.<br><br>SWIFT & STALEY INC.<br><br>**Defendant**. | **CIVIL COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br><br>Case No: <u>5:16-cv-77-TBR</u><br><br>Judge: |

Comes the Plaintiff, Edward Ray Windhorst ("Windhorst" or "Plaintiff"), by and through the undersigned counsel, and for his complaint against the Defendant, Swift & Staley Inc., ("Swift & Staley" or "Defendant") states as follows:

**INTRODUCTION**

This is a civil action to recover damages sustained by the Plaintiff, Edward Ray Windhorst, as a result of the Defendant's breach of an employment agreement, violation of the Fair Labor Standards Act ("FLSA"), §15(a)(3), and common law wrongful termination. The Defendant, Swift & Staley, entered an employment contract with Windhorst agreeing to employ him continuously for a three (3) year term. Pursuant to the parties' agreement, the term commenced when the Defendant was notified of the award of a "Recompete Contract" with the Department of Energy. The Defendant was officially awarded the "Recompete Contract" by the Department of Energy on October 1, 2015.   The contract has a potential value of $177.2 million.   Windhorst performed

services under the employment agreement as a Human Resources Manager. Despite the provisions in the employment agreement, the Defendant breached its contract with Windhorst by terminating him on December 11, 2015.  As a result of Swift & Staley Inc.'s breach, Windhorst incurred damages including loss of income, loss of benefits, and other legally recognized damages arising out of the contractual breach.

While Swift & Staley initially refused to disclose the reasons for the breach, Windhorst discovered months after his termination that he was terminated as a result of his participation in a complaint arising as the result of a pay raise request.  Windhorst's participation in the process was protected under FLSA §15(a)(3).  The actions taken by Swift & Staley to prevent and suppress protected conduct further constitutes a wrongful termination as a result of being a violation of a "well-defined public policy" under Kentucky common law.

## PARTIES

1.      The Plaintiff, Edward Ray Windhorst, is an individual residing in Paducah, McCracken County, Kentucky ("Windhorst").

2.      The Defendant, Swift & Staley Inc., is a Kentucky corporation with its principal office and registered agent's office located at 101 Liberty Dr., Suite 7, Kevil, Kentucky 42053 ("Swift & Staley").

3.      At all relevant times, the Defendant, Swift & Staley, was a federal contractor for the Department of Energy.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §1331, by virtue of federal question, 29 U.S.C. §201, *et seq.* of the FLSA.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. §1367.

6.     Venue lies with this Court pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §201 *et seq.* for the following reasons:

    A.  All events that gave rise to the Plaintiff's claims in this action occurred in Paducah, McCracken County, Kentucky.

    B.  The Defendant, Swift & Staley, performs a substantial amount of work in Paducah, McCracken County, Kentucky, in that it performs work at the Paducah Gaseous Diffusion Plant.

    C.  The Plaintiff and the Defendant agreed pursuant to the "Swift & Staley Employment Commitment" that all parties would consent to jurisdiction in McCracken County, Kentucky.  See Exhibit A, "Swift & Staley Inc. Employment Commitment", p. 4, ¶15.

## FACTUAL ALLEGATIONS

7.     Swift & Staley is a corporation providing environmental management and facilities management services, including but not limited to, performing services and providing materials for the United States Department of Energy ("DOE") at the Paducah Gaseous Diffusion Plant.

8.     Windhorst was formerly an employee of Swift & Staley, employed as the Human Resources Manager.

9.     Windhorst was terminated by Swift & Staley on December 11, 2015.

10.     During his employment with Swift & Staley, Windhorst entered into a contract with Swift & Staley entitled the "Swift & Staley Employment Commitment" ("Agreement"). *Ex. A.*

11.     The Agreement was contingent upon Swift & Staley successfully receiving the bid for the Paducah Infrastructure Support Services Contract ("Recompete Contract"), a support services contract with the DOE on which Defendant had submitted a bid that was accepted by the DOE.

12.     Pursuant to the Agreement, Swift & Staley agreed to continuously employ Windhorst for a term "to be measured from the date [Swift & Staley] is notified of the award of the Recompete Contract and three (3) years thereafter". *Ex. A*, p.1, ¶2.

13.     Windhorst's compensation under the Agreement included his annual base salary for each year of the three-year period, as well as any performance-based increases permitted in accordance with "typical payroll policies and procedures." *Id.*, p. 1-2, ¶3.

14.     Swift & Staley provided Windhorst employee benefits under the Agreement in addition to his salary, including but not limited to, health (including dental and vision) insurance coverage, paid vacation time, and matching 401k contributions up to three percent (3%) of annual compensation.

15.     The Agreement further provided that in the event of a breach of the Agreement, "[Windhorst] shall also be entitled to all rights and remedies that are provided under law, including all rights and remedies for injunctive relief and/or monetary recovery." *Id.,* p. 4, ¶10.

16.     On December 15, 2014, Swift & Staley signed a Letter of Commitment, attached as Exhibit B, memorializing its agreement to pay Windhorst the one-time incentive payment and the annual performance compensation increase in consideration

for his commitment for a three-year term of employment and supplementing the terms of the Agreement.

17.    Swift & Staley agreed to pay Windhorst a one-time incentive payment in the amount of ten thousand dollars ($10,000), to be awarded at the end of the three-year commitment period under the Agreement. *Ex. B*, ¶2.

18.    In addition, Swift & Staley awarded Windhorst an annual performance compensation increase of two percent (2%) per year during the three-year term of the Agreement. *Id.,* ¶3

19.    On or around October 1, 2015, upon information and belief, Swift & Staley received the follow-on contract Notice to Proceed from the DOE.

20.    On December 11, 2015, during the term of the Agreement, Swift & Staley terminated Windhorst's employment.

21.    At the time of his termination, Swift & Staley provided Windhorst a letter dated December 11, 2015 informing Windhorst of his termination.  Exhibit C.

22.    The termination letter from Swift & Staley did not set forth any reason as to why Swift & Staley had terminated Windhorst's employment. *Id.*

23.    Swift & Staley did not initially provide Windhorst with any reason for terminating his employment and did not assert that he breached the Agreement with Swift & Staley.

24.    The Agreement permitted Swift & Staley to terminate Windhorst "for cause," or by reason of death or disability. *Ex. A*, p. 2, ¶5.

25.    "For cause" termination must be accompanied with a "written notice which states the reason or reasons for termination". *Id.*

26.     Windhorst subsequently filed for unemployment compensation after his termination.

27.     In response to the request for information relating to Windhorst's claim for unemployment, Swift & Staley refused to provide a reason for his termination.

28.     Subsequently, Swift & Staley disclosed that Windhorst was terminated in part or in full, because of his participation in a request for increased pay that occurred nearly four months prior to his termination.

29.     The incident involved a worker for Swift & Staley who requested a pay increase.

30.     In the course of this meeting, Windhorst complained to his superior at Swift & Staley that similarly situated employees of Swift & Staley were entitled to receive wages that were greater than the wages the worker was currently receiving.

31.     The matter was subsequently revealed to Windhorst to be a contributing factor to his termination and he was accused of "undercutting" his supervisor, the owner of Swift & Staley.

32.     After his termination and after a period in which Windhorst was unemployed, Windhorst subsequently obtained gainful employment, however, Windhorst has decreased compensation and benefits.

33.     As a result of Swift & Staley's actions, Windhorst incurred damages, including loss of wage and compensation.

34.     Windhorst continues to incur damages as a result of the violations and breaches of contract complained of in this Complaint.

6

## LEGAL CLAIMS

### First Cause of Action
### BREACH OF CONTRACT

35.     The Plaintiff, Windhorst, restates and realleges the factual averments made in paragraphs numbers 1 through and including 34 as though set forth herein in full.

36.     Based upon the aforementioned, the Defendant, Swift & Staley, breached the Agreement including all amendments and supplements.

37.     The Plaintiff, Windhorst, incurred damages as a result of the breach including, but not limited to, the following:

A.  The remainder of his unpaid annual salary for the three-year term,

B.  Two percent (2%) annual increases in annual compensation under the terms of the Agreement and Letter of Commitment;

C.  Ten thousand dollars ($10,000) in incentive compensation upon completion of the term;

D.  Paid time off that would have accrued during the term of the Agreement;

E.  401k matching contributions paid by Swift & Staley during the term of the Agreement;

F.  Health coverage for Windhorst and his dependents during the term of the Agreement;

G.  Participation in any other profit-sharing or bonus opportunities.

### Second Cause of Action
### VIOLATION OF FLSA §15(a)(3), 29 U.S.C. § 215(a)(3)

38.     The Plaintiff, Windhorst, restates and realleges the factual averments made in paragraphs numbers 1 through and including 34 as though set forth herein in full.

39.     Pursuant to FLSA §15(a)(3), 29 U.S.C. §215(a)(3), Windhorst engaged in protected conduct when he made a complaint relating to a worker's wages not being commensurate with the wages of similarly situated workers.

40.     Swift & Staley was an "employer" for all purposes pursuant to FLSA §3(d), 29 U.S.C. §215(a)(3).

41.     Windhorst sustained an adverse employment action by Swift & Staley when Swift & Staley terminated Windhorst's employment as a result of his engagement in conduct that is protected by federal statute.

42.     As a result of the violation, Windhorst is entitled to a private cause of action to recover all statutorily recognized damages pursuant to FLSA §16, 29 U.S.C. §216, including, reinstatement, lost wages and liquidated damages equal to the lost wages, front pay, reasonable attorneys' fees and costs, pre-judgment interest, and, entitlement to punitive damages.

### Third Cause of Action
### COMMON LAW WRONGFUL TERMINATION

43.     The Plaintiff, Windhorst, restates and realleges the factual averments made in paragraphs numbers 1 through and including 34 as though set forth herein in full.

44.     Pursuant to Kentucky common law, employees have a cause of action for a wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law.

45.   Federal law and Kentucky law establishes a fundamental and well-defined public policy against terminating an employee because the employee has made any complaint under either the FLSA or Kentucky's Wage and Hour Law (including, but not limited to, KRS 337.990(14)(a)) to his or her employer.

46.   Swift & Staley wrongfully terminated Windhorst, and Windhorst has sustained damages.

WHEREFORE, the Plaintiff, Edward Ray Windhorst, prays for judgment, against the Defendant, Swift & Staley Inc., as follows:

A.   A finding that the Defendant, Swift & Staley Inc., breached the Swift & Staley Employment Commitment, and all supplements and amendments.

B.   A finding that the Defendant, Swift & Staley Inc., violated FLSA §15(a)(3), 29 U.S.C. §215(a)(3), and Kentucky common law when the Defendant terminated Windhorst.

C.   A judgment in favor of the Plaintiff, Edward Ray Windhorst, against the Defendant, Swift & Staley Inc., for all damages, including, but not limited to all compensatory damages, including general and special damages, and all incidental damages arising from Swift & Staley's breach.

D.   A judgment in favor of the Plaintiff, Edward Ray Windhorst, against the Defendant, Swift & Staley Inc., for all statutory damages permitted for violations of FLSA §15(a)(3).

E.   Pre-judgment interest.

F.   Punitive damages.

G.  An award in favor of the Plaintiff against the Defendant for all costs and attorneys' fees, including investigation and expert costs, including as such attorneys fees and costs are allowed pursuant to FLSA §16(b) for violations; and

H.  Any and all such other relief as the Court deems just and proper.

### <u>JURY TRIAL DEMAND</u>

The Plaintiff herein demands a trial by jury.


Respectfully submitted,


/s/ Nick Wallingford
Nick Wallingford
**WALLINGFORD LAW, PSC**
1050 Monarch Street, Suite 100
Lexington, Kentucky 40513
Telephone: (859) 219-0066
COUNSEL FOR PLAINTIFF